UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JASON LOSHELDER                                            PLAINTIFF

V.                              CIVIL ACTION NO. 3:25-CV-627-KHJ-MTP

ALLSTATE PROPERTY AND                         DEFENDANTS
CASUALTY, et al.

ORDER

Before the Court are Defendant Allstate Property and Casualty Insurance

Company's ("Allstate") [8] Motion to Dismiss and Defendant Seek Now, Inc.'s ("Seek

Now") [12] Motion to Dismiss. For the reasons below, the Court GRANTS in part

and DENIES in part the Motions. After discovery, Defendants may reurge their

Motions at the summary judgment stage.

I.      Background

This case arises out of an insurance claim Loshelder filed with Allstate.

In April 2024, a storm damaged Loshelder's property, so he timely reported

the claim through his homeowners insurer, Allstate. Compl. [1] ¶¶ 7, 10. In

February 2025, Jonathan Alexander ("Alexander"), Loshelder's public claims

adjuster, documented the damage. *Id.* ¶ 11. A few weeks later, Allstate dispatched a

third-party adjusting company, Defendant Crawford and Company ("Crawford"), to

inspect the damage. *Id.* ¶ 12.

Alexander was present while Crawford's employee John James ("James")

performed the inspection. *Id.* ¶ 15. Alexander said James was clearly under the

influence of marijuana during the inspection and told Alexander that he was unable to get on the roof. *Id.* ¶¶ 15, 16. So James took pictures from the ground and called Defendant Seek Now, Inc. ("Seek Now") to have someone come inspect the roof. *Id.* Keaton Tingley ("Tingley") from Seek Now arrived and took photographs of the roof. *Id.* ¶¶ 17–19. Tingley said he could only take photographs and could not determine whether hail damage had occurred. *Id.* ¶ 17. But in his report, Tingley opined that the roof reflected only normal wear and tear. *Id.* ¶ 20.

According to Loshelder, Tingley "intentionally falsified [his report] so as to deny any reference to the obvious hail and windstorm damage that the Loshelder home experienced." *Id.* ¶ 21. James submitted Tingley's report to Allstate, and Allstate denied coverage and claimed "normal wear and tear" caused the damage. *Id.* ¶¶ 22–23. Loshelder says Allstate knew or reasonably should have known that its estimate for the loss from the storm was "grossly inadequate, intentionally false and fraudulent, and did not reflect the true extent" of the loss. *Id.* ¶ 24.

So he sued Allstate for breach of contract, bad faith breach of contract, intentional breach of contract, negligent and intentional infliction of emotional distress, and civil conspiracy. *Id.* ¶¶ 34–47, 63–65. And he sued Crawford and Seek Now for negligent adjusting, intentional infliction of emotional distress, and civil conspiracy. *Id.* ¶¶ 48–65. Allstate and Seek Now move to dismiss. *See* Mot. to Dismiss [8]; Mot. to Dismiss [12].

II.    Standard

A motion to dismiss under Rule 12(b)(6) asserts that the plaintiff has failed to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion under Rule 12(b)(6), "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation modified). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* The Court must accept all factual allegations in the complaint as true, but it is not bound to accept legal conclusions, conclusory statements, or bare assertions without factual support. *Id.*

III.    Analysis

A.  Allstate's [8] Motion

Allstate says Loshelder's [1] Complaint "does not plead sufficient facts to support any of the extracontractual claims," so all claims other than the breach of contract claim should be dismissed. [8] at 1. The Court agrees in part.

1.  Bad Faith Breach of Contract

Loshelder fails to state a claim for bad faith based on respondeat superior, but he sufficiently states a claim for bad faith breach of contract based on Allstate's direct actions.

3

Although Loshelder labels this as a "breach of contract" claim, "a bad faith refusal claim is an 'independent tort' separable in both law and fact from the contract claim asserted by an insured under the terms of the policy." *Evans v. Safeway Ins. Co.*, No. 1:12CV222HSO-RHW, 2013 WL 3873043, at *5 (S.D. Miss. July 25, 2013) (quoting *Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 895 (Miss. 2006)). "To recover under a bad faith theory, Loshelder must show (1) "that the claim or obligation was in fact owed," (2) that Allstate "has no arguable reason to refuse to pay the claim or to perform its contractual obligation," and (3) that Allstate's "breach of the insurance contract results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort." *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008) (citation modified). An insurance company's bad faith refusal "goes beyond proving mere negligence in performing the investigation." *Windmon v. Marshall*, 926 So. 2d 867, 873 (Miss. 2006). "The level of negligence in conducting the investigation must be such that a proper investigation by the insurer would easily adduce evidence showing its defenses to be without merit." *Id.*

Loshelder alleges that Allstate engaged in bad faith breach of contract (1) directly and (2) vicariously through its "agents," Crawford and Seek Now. [1] ¶ 38–39; Resp. [10] at 12, 14. The Court addresses each theory of liability separately.

### a. Direct Liability

Loshelder says Allstate knew or reasonably should have known that its estimated amount of damage was "grossly inadequate, intentionally false and

fraudulent, and did not reflect the true extent of accidental direct physical loss/damage." [1] ¶ 24. Loshelder claims his public adjuster's report indicated that hail damaged the roof, but Allstate "summarily ignored" this report. *Id.* ¶¶ 11, 24. Further, Loshelder says Allstate ignored the chalk markings on Tingley's report that "documented clear hail damage," failed to properly test the roof, and failed to properly notify Loshelder of the reasons his claim was denied. *Id.* ¶¶ 18–20, 25–26.

Ultimately, Loshelder alleges that a proper investigation by Allstate would easily reveal that hail damage occurred. *See Windmon*, 926 So. 2d at 873. So the Court finds that Loshelder has stated a claim for bad faith against Allstate. *See Baker v. Allstate Indem. Co.*, No. 1:23-CV-57-SA-RP, 2024 WL 1200433, at *2–3 (N.D. Miss. Mar. 20, 2024) ("[A]llegations that Allstate ignored proof that a storm occurred and caused damage to [plaintiff's] roof" could support a bad faith claim); *see also Williams v. Allstate Indem. Co.*, No. 4:22-CV-79-DMB-DAS, 2022 WL 17254306, at *4 (N.D. Miss. Nov. 28, 2022) (denying a motion to dismiss a bad faith claim when "the complaint allege[d] Allstate denied the claim despite being provided evidence" that the claim should be granted).

   b.  Vicarious Liability

Loshelder fails to plead facts to establish Allstate is liable for Crawford and Seek Now's actions under the doctrine of respondeat superior.

"Generally, an employer is liable for the negligent acts of its employee done in the course and scope of his employment under the doctrine of respondeat superior, but an employer is not liable for the negligence of an independent contractor."

*McKee v. Brimmer*, 39 F.3d 94, 96 (5th Cir. 1994) (citing *W.J. Runyon & Son, Inc. v. Davis*, 605 So. 2d 38, 45 (Miss. 1992)). "To determine whether one is an employee or an independent contractor, Mississippi law employs a non-exhaustive list of factors" with the overarching inquiry being "whether the employer exhibited the requisite amount of control over the engaged party to categorize the party as an employee." *Woodring v. Robinson*, 892 F. Supp. 2d 769, 775–76 (S.D. Miss. 2012) (citing *McKee*, 39 F.3d 94, 96–97).

Allstate argues that Loshelder failed to state facts to support his respondeat superior theory. Reply [11] at 2. The Court agrees. Loshelder does not plead any facts to support his assertion that Allstate is liable for Crawford and Seek Now's actions through respondeat superior. Loshelder argues that "the Court is not required to analyze [whether respondeat superior applies] because it is expressly pled in Loshelder's [1] Complaint." [10] at 12 (citing [1] ¶¶ 13–14). Not so. The Court is not bound to accept conclusory legal statements or bare assertions without factual support. *Ashcroft*, 556 U.S. at 678. So Loshelder does not automatically establish respondeat superior by making a conclusory statement and referring to Crawford and Seek Now as Allstate's "agents."[1] *See, e.g.*, [1] ¶¶ 32, 39. The Court finds Loshelder's bad faith breach of contract claim fails to the extent it seeks to hold Allstate responsible for Crawford and Seek Now's actions.

---

[1] Notably, Loshelder refers to Crawford as a "third-party adjusting company" elsewhere in the [1] Complaint, suggesting that Crawford is an independent contractor rather than an employee. [1] ¶ 12; *see also* [11] at 3.

2.   Intentional or Tortious Breach of Contract

Loshelder's [1] Complaint sufficiently states a claim for tortious breach of contract.

Loshelder labels this claim as "intentional breach of contract," but Allstate interprets it as "tortious breach of contract." [1] ¶ 45; [9] at 8. Rather than clarifying his claim, Loshelder responds by claiming that regardless of "Allstate's semantics regarding the labeling" of this claim, his [1] Complaint makes it "clear that Allstate intentionally and tortiously breached its contract with Loshelder." [10] at 24. Because Loshelder's language regarding this claim in the [1] Complaint mirrors the elements of tortious breach of contract, the Court analyzes this claim that way.

"A tortious breach of contract is a breach of contract coupled with 'some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort.'" *Robinson v. S. Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (Miss. Ct. App. 2005) (quoting *Wilson v. Gen. Motors Acceptance Corp.,* 883 So.2d 56, 66 (Miss. 2004)). Loshelder has plausibly alleged gross negligence. *See supra*, III.A.1. He says Allstate ignored the public adjuster's report and the chalk markings on Tingley's report, failed to properly test the roof, and failed to properly notify Loshelder of the reasons his claim was denied. [1] ¶¶ 11, 18–19, 24–26. These facts sufficiently state a claim for tortious breach of contract.

3.   Negligent and Intentional Infliction of Emotional Distress

Although Loshelder's [1] Complaint identifies this claim as "negligent and intentional infliction of emotional distress," his [10] Response mentions only

7

intentional infliction of emotional distress ("IIED").[2] [1] at 10; [10] at 24. Since Loshelder does not contest dismissal of his negligent infliction of emotional distress ("NIED") claim, the Court dismisses it.

As for his IIED claim, Loshelder sufficiently stated a claim. To state a claim for IIED, Loshelder must show:

> (1) [Allstate] acted willfully or wantonly toward [Loshelder] by committing certain described actions; (2) [Allstate's] acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, [Loshelder]; (4) [Loshelder] suffered severe emotional distress as a direct result of the acts of [Allstate]; and (5) such resulting emotional distress was foreseeable from the intentional acts of [Allstate].

*Am. Zurich Ins. Co. v. Guilbeaux*, No. 1:16CV354-LG-RHW, 2018 WL 1661629, *7 (S.D. Miss. Apr. 5, 2018) (quoting *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 403–04 (Miss. Ct. App. 2013)). "The alleged conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (citing *Bowden v. Young*, 120 So. 3d 971, 980 (Miss. 2013)).

Loshelder says the same facts that establish gross negligence for his bad faith claim also establish "outrageous conduct" for his IIED claim. *See* [1] ¶ 47. The Court agrees and finds Loshelder has sufficiently stated a claim for IIED.

---

[2] In addition to abandoning his NIED claim in his [10] Response, Loshelder condenses his IIED argument "[f]or the sake of brevity." [10] at 26. Throughout his 33-page [10] Response, he block-quotes almost 150 lines from other cases and inserts around 5 pages of screenshots of his [1] Complaint and Allstate's [10] Motion. If brevity is his concern, he should cut the block quotes and screenshots—not the substance.

4. Civil Conspiracy

Loshelder's [1] Complaint sufficiently states a claim for civil conspiracy.

"To establish a civil conspiracy, the plaintiff must prove (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result." *Bradley v. Kelley Bros. Contractors, Inc.*, 117 So. 3d 331, 339 (Miss. 2013) (citation modified). A corporate entity is considered a "person" for purposes of the first element. *Id.* at 339 n.4.

Loshelder alleges that Defendants "colluded to intentionally and maliciously deny [Loshelder's insurance] claim." [1] ¶ 64. And "Allstate assisted Crawford and [Seek Now's] underlying tortious conduct by failing to investigate the basis for Crawford and [Seek Now's] denial, failing to communicate with [Loshelder's] public adjuster, and failing to properly adjust [Loshelder's] claim." *Id.* He says Allstate "dispatched" Crawford to Loshelder's residence and used Crawford and Seek Now's report to deny Loshelder's insurance claim. *Id.* ¶ 12. He further alleges Allstate "assisted Crawford and Seek Now's underlying tortious conduct by failing to investigate the basis for Crawford and Seek Now's denial, failing to communicate with [Loshelder]'s public adjuster, and failing to properly adjust [Loshelder]'s claim." *Id.* ¶ 64. These facts make it plausible that Allstate participated in a civil conspiracy. *See Multiplan, Inc. v. Holland*, No. 1:14CV315-LG-RHW, 2016 WL 3983669, *3–4 (S.D. Miss. July 25, 2016) (denying a motion to dismiss a Mississippi civil conspiracy claim).

B.  Seek Now's [12] Motion

Seek Now requests dismissal of all claims against it—negligence/negligent adjusting, IIED, and civil conspiracy. [1] ¶¶ 48–65; Mem. in Supp. [13] at 1. Loshelder does not defend his IIED and civil conspiracy claims in his [18] Response. *See* Resp. [18]. So the Court deems these claims abandoned and dismisses them. *See United States v. Martinez*, 131 F.4th 294, 316 (5th Cir. 2025) (citation modified) ("A party who inadequately briefs an issue is considered to have abandoned the claim"). That leaves only Loshelder's negligence/negligent adjusting claim.

"[A]n insurance adjuster, agent[,] or other similar entity may not be held independently liable for simple negligence in connection its work on a claim." *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004). "Such an entity may be held independently liable for its work on a claim if and only if its acts amount to . . . gross negligence, malice, or reckless disregard for the rights of the insured." *Id*; *see also Eckford v. Lovelady*, No. 1:23-CV-18-SA-RP, 2023 WL 7752048, at *2 (N.D. Miss. Nov. 15, 2023). "Gross negligence is that course of conduct which, under the particular circumstance, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Slocum v. Allstate Ins. Co.*, No. 2:19-cv-153-KS-MTP, 2020 WL 428021, at *6 (S.D. Miss. Jan 27, 2020) (citing *Dame v. Estes*, 101 So. 2d 644 (Miss. 1958)).

The parties agree that to state a claim for negligence, Loshelder must allege facts showing Seek Now's conduct amounted to "gross negligence, malice, or reckless disregard for the rights of the insured." [18] at 3; [13] at 4. Loshelder lists

facts from his [1] Complaint to support his argument that Seek Now's conduct amounted to "gross negligence, malice, or reckless disregard for the rights of the insured." [18] at 3–4. In sum, he alleges that Tingley, Seek Now's agent/employee,[3] said he could only take pictures of the roof and could not determine whether hail damage occurred. [1] ¶ 17. Yet Tingley "documented clear hail damage with chalk" and included notes on his pictures that opined the source of the damage. *Id.* ¶¶ 18–20. Thus, Loshelder says "Tingley's report clearly gives false opinions as to the cause of the obvious storm damage" and ignores the chalk marking of hail damage "so that Allstate could deny the claim." *Id.* ¶¶53–54.

Loshelder says this conduct shows "Seek Now did not consider the consequences its misclassification would have upon [Loshelder]" and thus acted with a reckless disregard for his rights. [18] at 5. The Court agrees and finds that these allegations sufficiently state a claim for negligence against Seek Now.

IV.    Conclusion

For the reasons stated above, the Court finds that Loshelder alleges facts to support the following claims:

- Bad faith against Allstate based on Allstate's direct actions;
- Tortious breach of contract against Allstate;
- IIED against Allstate;
- Civil conspiracy against Allstate; and
- Negligence against Seek Now.

But Loshelder failed to allege facts to support the following claims:

- Bad faith against Allstate based on respondeat superior;

---

[3] Seek Now does not dispute that Tingley's actions are imputed to Seek Now under respondeat superior.

- NIED against Allstate;
- IIED against Seek Now; and
- Civil conspiracy against Seek Now.

The Court GRANTS in part and DENIES in part the [8, 12] Motions to Dismiss.  After discovery, Defendants may reurge their Motions at the summary judgment stage.

SO ORDERED, this 26th day of January, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE